**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Aleksandr Kocharov,<br><br>             Plaintiff,<br><br>v.<br><br>JPMorgan Chase Bank, N.A.,<br><br>             Defendant. | No. CV-21-02220-PHX-DGC<br><br>**ORDER** |

Plaintiff Aleksandr Kocharov had an account at Defendant JPMorgan Chase Bank in 2019. Proceeding pro se, he filed a complaint against Defendant in 2021. Doc. 1. Plaintiff alleges generally that identity theft and a series of reversed transactions forced him into bankruptcy and caused him to lose his home and good health. *See id.* at 3. He seeks $2 million in damages. *Id.* at 1.

Defendant has filed a motion for a more definite statement under Federal Rule of Civil Procedure 12(e). Doc. 14. The Court will grant the motion.[1]

**I.     The Complaint Does Not Comply with Rule 8's Pleading Standards.**

Rule 8(a) of the Federal Rules of Civil Procedure provides that a pleading "must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). This statement "need not contain detailed factual

---

[1] This case was transferred to the undersigned judge on August 1, 2022. *See* Doc. 19.

1

allegations; rather, it must plead 'enough facts to state a claim to relief that is plausible on its face.'" *Clemens v. DaimlerChrysler Corp.*, 534 F.3d 1017, 1022 (9th Cir. 2008) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  A claim is plausible when it is brought under a cognizable legal theory and the plaintiff pleads "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 570).

Plaintiff's complaint contains an unclear narrative of the "chain of events" leading to his foreclosure, bankruptcy, alleged health problems, and other damages.  Doc. 1 at 3-8.  The complaint suggests a variety of wrongs by Defendant and others, but does not identify a specific legal claim.  *See id.*  Attached to the complaint are hundreds of pages of bank statements, correspondence, real estate documents, and medical records, some of which are not clearly referenced in the complaint.  *See* Doc. 1-1 through Doc. 1-8.

Even when construed liberally, the complaint fails to give Defendant "'fair notice of what the claim is and the grounds upon which it rests,' as required by Rule 8(a)(2)." *Andrianumearisata v. Gem State Staffing*, No. 1:20-CV-00547-DCN, 2021 WL 2692334, at *3 (D. Idaho June 30, 2021) (quoting *Twombly*, 550 U.S. at 555); *see Hamilton v. Cnty. of Madera*, No. 1:20-CV-00484-EPG, 2021 WL 5771669, at *5 (E.D. Cal. Dec. 6, 2021) (a complaint fails to "comply with Rule 8(a) if it is 'verbose, confusing and conclusory'") (quoting *Nevijel v. N. Coast Life Ins.*, 651 F.2d 671, 674 (9th Cir. 1981)); *Goins v. Wells Fargo Bank LLC NA*, No. CV-21-01219-PHX-DGC, 2021 WL 5908207, at *2 (D. Ariz. Dec. 14, 2021) ("Complaints filed by pro se plaintiffs are construed liberally, but 'it is not the responsibility of the Court to review a rambling narrative in an attempt to determine the number and nature of a plaintiff's claims.'") (citation and brackets omitted).

**II.     Defendant's Motion for a More Definite Statement.**

Rule 12(e) provides that a party may move for a more definite statement of a pleading "which is so vague or ambiguous that the party cannot reasonably prepare a

response."  Rule 12(e) motions are "ordinarily restricted to situations where a pleading suffers from unintelligibility rather than want of detail[.]"  *Castillo v. Norton*, 219 F.R.D. 155, 163 (D. Ariz. 2003) (citation omitted); *see Bautista v. Los Angeles Cnty.*, 216 F.3d 837, 843 n.1 (9th Cir. 2000) (same).

Defendant notes that the complaint contains no specific legal claim and includes a medley of factual allegations, some of which relate to Defendant and others of which concern Plaintiff's mortgage providers, bankruptcy attorneys, and various third parties.  Doc. 14 at 3.  Indeed, Plaintiff states in his prayer for relief that he is "demanding for all entities involved to take responsibility for all [that] was done wrong" and is "looking for justice for criminals, banks companies, and people who ruined my life and destroyed my Family's future!"  Doc. 1 at 8.

In his response, Plaintiff accurately describes his complaint as a "chronological report with all dates, names, titles, phone numbers, questions or requests and responses from all Chase Bank representatives[.]"  Doc. 16 at 1.  He agrees to follow Rule 12(e) and asks the Court to grant Defendant's motion and order the parties to "meet and discuss all details of the file so [he] can provide to defendant '[a] sufficient basis to frame [a] responsive pleading.'"  *Id.* at 1-2.  But such a discussion between the parties will not satisfy Plaintiff's Rule 8 pleading obligations.  He must state his claims in writing.  Fed. R. Civ. P. 7-10; LRCiv 7.1(b).

Because Plaintiff's complaint fails to provide any reasonable explanation of the claims he asserts in this case, Defendant's motion will be granted.  Plaintiff must file an amended complaint by **August 26, 2022**.  *See* Fed. R. Civ. P. 12(e).

**III.   Plaintiff Must Follow the Rules and Court Orders.**

"Pro se litigants must follow the same rules of procedure that govern other litigants."  *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1986); *see also Jacobsen v. Filler*, 790 F.2d 1362, 1364-65 (9th Cir. 1986) (pro se litigants should not be treated more favorably than parties represented by attorneys); *United States v. Flew*itt, 874 F.2d 669, 675 (9th Cir. 1989) (pro se litigants are subject to the same good faith limitations

imposed on lawyers). Plaintiff therefore is required to become familiar with and follow the Federal Rules of Civil Procedure and the Rules of the United States District Court for the District of Arizona ("Local Rules"), which may be obtained in the Clerk of Court's office.[2]

For purposes of the amended complaint, Plaintiff is directed to Rules 8, 9, and 10 of the Federal Rules of Civil Procedure. Rule 8(a) provides that a complaint must contain "a short and plain statement of the grounds for the court's jurisdiction[.]" Fed. R. Civ. P. 8(a)(1). Federal subject matter jurisdiction may be based on either federal question jurisdiction or diversity jurisdiction. 28 U.S.C. §§ 1331, 1332. Federal question jurisdiction exists under § 1331 where the complaint establishes that "federal law creates the cause of action or . . . the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Williston Basin Interstate Pipeline Co. v. An Exclusive Gas Storage Leasehold & Easement*, 524 F.3d 1090, 1102 (9th Cir. 2008). Diversity jurisdiction exists in cases between citizens of different states involving claims greater than $75,000. 28 U.S.C. § 1332(a). Section 1332 requires complete diversity between the parties – that is, the citizenship of the plaintiff must be diverse from the citizenship of each defendant. *See Caterpillar, Inc. v. Lewis*, 519 U.S. 61, 68 (1996).[3]

Rule 8(a) also requires "a short and plain statement of the claim" and "a demand for the relief sought." Fed. R. Civ. P. 8(a)(2)-(3). Rule 8(d) provides that each allegation "must be simple, concise, and direct." Fed. R. Civ. P. 8(d)(1). Rule 10(b) requires the plaintiff to state claims in "numbered paragraphs, each limited as far as practicable to a single set of circumstances." Fed. R. Civ. P. 10(b). And where doing so would promote clarity, "each claim founded on a separate transaction or occurrence . . . must be stated in

---

[2] The rules also are available on this District Court's website, along with a Handbook for Self-Represented Litigants that may help Plaintiff understand the litigation process. *See* U.S. District Court, District of Arizona, *Information for those Proceeding Without an Attorney (Pro Se)*, https://www.azd.uscourts.gov/proceeding-without-attorney (last visited Aug. 9, 2022).

[3] The complaint appears to assert diversity jurisdiction, alleging that Plaintiff is a resident of Arizona and Defendant is a resident of Ohio. Doc. 1 at 1.

a separate count." *Id.*; *see also Iqbal*, 556 U.S. at 677 (explaining that the "short and plain statement of the claim" required by Rule 8(a)(2) must designate the legal cause of action and include relevant factual allegations to render the claim plausible); *Nailing v. Eskander*, No. 2:20-CV-07559-AB-JC, 2021 WL 3930077, at *1 n.1 (C.D. Cal. Sept. 2, 2021) (discussing the requirements of Rules 8 and 10).[4]

To the extent Plaintiff intends to assert a fraud claim in the amended complaint (*see* Doc. 16 at 2), he must comply with Rule 9(b) which requires that fraud be pled with particularity as to each defendant. *Swartz v. KPMG LLP*, 476 F.3d 756, 764 (9th Cir. 2007); *see Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1106 (9th Cir. 2003) ("Averments of fraud must be accompanied by the who, what, when, where, and how of the misconduct charged."); *Lancaster Cmty. Hosp. v. Antelope Valley Dist.*, 940 F.2d 397, 405 (9th Cir. 1991) (Rule 9(b) "requires a pleader of fraud to detail with particularity the time, place, and manner of each act of fraud, plus the role of each defendant in each scheme"); *see also Echols v. Beauty Built Homes, Inc.*, 647 P.2d 629, 631 (Ariz. 1982) (setting forth the nine elements of a common law fraud claim in Arizona). To be clear, while Rule 9(b) requires that a claim of fraud be pled with particularity, a rambling narrative of events that Defendant and the Court must piece together to identify the alleged fraud does not suffice. *See McHenry v. Renne*, 84 F.3d 1172, 1179 (9th Cir. 1996) ("Prolix, confusing complaints . . . impose unfair burdens on litigants and judges.").

If Plaintiff fails to prosecute this action or to comply with the rules or any Court order, the Court may dismiss this action with prejudice pursuant to Federal Rule of Civil Procedure 41(b). *See Link v. Wabash R.R. Co.*, 370 U.S. 626, 629-30 (1962) (a district

---

[4] Plaintiff's complaint contains numbered paragraphs, but paragraph 10 spans more than four pages of single-spaced text. *See* Doc. 1 at 4-8. Local Rule 7.1(b) requires that "the body of all documents shall be typed double-spaced and shall not exceed 28 lines per page[.]" LRCiv 7.1(b)(1). All pleadings and other original documents filed with the Clerk "shall be in a fixed-pitch type size no smaller than ten (10) pitch (10 letters per inch) or in a proportional font size no smaller than 13 point, including any footnotes." *Id.*

court has inherent power to dismiss a case for failure to prosecute); *Ghazali v. Moran*, 46 F.3d 52, 53 (9th Cir. 1995) (a district court may dismiss an action for failure to comply with a local rule); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (the district court did not abuse its discretion in dismissing a pro se plaintiff's complaint for failing to comply with a court order).

**IT IS ORDERED:**

1. Defendant's motion for a more definite statement (Doc. 14) is **granted**.

2. Plaintiff shall file an amended complaint consistent with this order by **August 26, 2022**.

Dated this 9th day of August, 2022.

David G. Campbell
Senior United States District Judge