**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Aleksandr Kocharov, | No. CV-21-02220-PHX-DGC |
| Plaintiff, | **ORDER** |
| v. | |
| JPMorgan Chase Bank, N.A., | |
| Defendant. | |

Plaintiff Aleksandr Kocharov seeks a new trial or an amended judgment. Doc. 61. The Court will deny his motion.[1]

**I.  Background.**

Plaintiff alleges that Defendant JPMorgan Chase Bank breached an obligation to protect his account from fraudulent transactions by not preventing an unauthorized third-party from accessing his account and by later refusing to repay his loss. Doc. 21 ¶¶ 6-16. The Court dismissed Plaintiff's negligence claim as time-barred (Doc. 28), and the parties conducted discovery and filed motions for summary judgment on his breach of contract claim. Docs. 48, 49. The Court heard oral argument and granted summary judgment in favor of Defendant. Docs. 58, 59.[2]

---

[1] Plaintiff has appealed the judgment in this case (Doc. 65), and the Ninth Circuit has stayed the appeal pending this ruling (Doc. 69).

[2] The summary judgment order contains a more thorough discussion of the relevant facts and procedural history. *See* Doc. 59 at 1-5.

The Court found that because the clear and unambiguous terms of the Deposit Account Agreement (DAA) "impose no obligation on Defendant to prevent the fraud at issue here or to refund money lost due to such fraud, Plaintiff's breach of contract claim fails as a matter of law."  Doc. 58 at 7, 11.  The Court also found that the "Damages Limitation Clause is enforceable and summary judgment is warranted with respect to consequential damages." *Id.* at 14.

Plaintiff, who is proceeding pro se, asks the Court to allow an "additional trial, take additional testimony, amend findings of facts and conclusions of law or make new findings and conclusions, provide the missing findings and facts and direct the entry of a new judgment."  Doc. 61 at 1.  Rule 59(a) does not apply because there was no trial in this case.  *See Ferring v. Ace Priv. Risk Servs.*, No. CV-15-01168-PHX-SMM, 2017 WL 4653031, at *1 (D. Ariz. June 20, 2017).[3]  Rule 52 does not apply because there was no bench trial with findings of fact and conclusions of law.  The Court presumes that Plaintiff moves under Rule 59(e) to amend the judgment.

## II. Rule 59(e) Standard.

Relief under Rule 59(e) "is an extraordinary remedy which should be used sparingly."  *McDowell v. Calderon*, 197 F.3d 1253, 1255 n.1 (9th Cir. 1999) (citation omitted).  Rule 59(e) motions are disfavored and should not ask the court to "rethink what the court has already thought through – rightly or wrongly."  *United States v. Rezzonico*, 32 F. Supp. 2d 1112, 1116 (D. Ariz. 1998).  "A Rule 59(e) motion should not be granted 'unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law.'"  *McQuillion v. Duncan*, 342 F.3d 1012, 1014 (9th Cir. 2003) (quoting *McDowell*, 197 F.3d at 1255); *see also Sch. Dist. No. 1J v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993); LRCiv 7.2(g)(1).

---

[3] Plaintiff has filed a motion for jury trial under Rule 38.  Doc. 64.  The motion will be denied as moot because the Court has granted summary judgment.  *See Williams v. Andrew Corp.*, 31 F. App'x 491, 492 (9th Cir. 2002).

## III. Discussion.

Plaintiff does not assert that there has been an intervening change in the law. *See* Doc. 61. Thus, the potentially relevant grounds for Rule 59(e) relief in this case are newly discovered evidence and clear judicial error. *See McQuillion*, 342 F.3d at 1014. To justify relief based on newly discovered evidence, the moving party must "show that the evidence was discovered after the judgment, that the evidence could not be discovered earlier through due diligence, and that the newly discovered evidence is of such a magnitude that had the court known of it earlier, the outcome would likely have been different." *Dixon v. Wallowa Cnty.*, 336 F.3d 1013, 1022 (9th Cir. 2003). "Clear error occurs when 'the reviewing court on the entire record is left with the definite and firm conviction that a mistake has been committed.'" *Sch. Dist. No. 1J*, 5 F.3d at 1263 (quoting *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948)).

### A. Newly Discovered Evidence.

Plaintiff identifies no evidence discovered after the judgment that could not have been discovered through reasonable diligence during the course of the litigation. The majority of the documents attached to Plaintiff's motion either were disclosed during the litigation, as shown by the bates labeling, or were attached to Plaintiff's original complaint. *See* Docs. 1, 61 at 12-73. Indeed, Plaintiff admits that the "additional documents" are "from the files provided by [Defendant] after a [d]eposition meeting on July 28th, 2023[.]" Doc. 61 at 1.

Plaintiff presents an internet printout from Defendant's website relating to automated clearing house (ACH) transactions and wire fund transfers. *Id.* at 19-20.[4] Plaintiff cites to the "telephone initiation" process for the same argument he made during the summary judgment briefing and oral argument – that his account did not allow ACH

---

[4] *See also* J.P.Morgan, *Automated Clearing House (ACH)*, https://www.jpmorgan.com/payments/client-resource-center/automated-clearing-house; J.P.Morgan, *Funds (Wire) Transfer - U.S. Dollar Payments*, https://www.jpmorgan.com/payments/client-resource-center/automated-clearing-house/funds_wire_transfer (last visited Feb. 28, 2024).

transactions and his password and PIN were required for the reversals. *Id.* at 2-3. As Defendant notes, Plaintiff appears to misunderstand the distinction between ACH transactions (which are explained and provided for in the DAA), reversals of Plaintiff's previously authorized transactions, and wire fund transfers. Doc. 62 at 5. There were no issues related to wire fund transfers in Plaintiff's account, and Plaintiff provides no evidence that the internet printout has any application to his account. *See id.*

### B.  Clear Error.

Plaintiff's current arguments are nearly identical to arguments he made during summary judgment briefing and oral argument. "[A] party seeking reconsideration must show more than a disagreement with the Court's decision, and recapitulation of the cases and arguments considered by the [C]ourt before rendering its original decision fails to carry the moving party's burden." *Rodriguez v. Comm'r of Soc. Sec. Admin.*, No. CV-21-00291-TUC-DCB, 2022 WL 16793399, at *2 (D. Ariz. Nov. 8, 2022) (citation omitted); *see* LRCiv 7.2(g)(2) ("No motion for reconsideration of an Order may repeat any oral or written argument made by the movant in support of or in opposition to the motion that resulted in the Order.").

Plaintiff asserts that an unauthorized third-party did not have his password or PIN for access to his account. Doc. 61 at 2. But Defendant does not contend that Plaintiff provided his password or PIN to the third-party fraudster. *See* Doc. 59 at 2 n.2 (citing Doc. 51 at 4 n.4).

Plaintiff argues that Defendant's "officers, department managers and other personnel . . . violated the bank's policy by allow[ing] or help[ing] 'Fraudsters' to enter [his] account without his password . . . and PIN[.]" *Id.* at 5. The Court addressed this argument in its summary judgment order, explaining:

> Plaintiff references the Telephone Banking provision of the applicable DAA and asserts that the personal information he provided to the purported lender should not have been used to effectuate the reversals because a valid password or PIN was required. Doc. 54 at 3, 9. But that is not what the contract says. The Telephone Banking provision states that "[y]ou may use

> our automated customer service system *or* speak to a telephone banker to get your account information, transfer funds between your accounts with us, or pay qualifying Chase loans or credit cards." Docs. 50-1 at 61, 54 at 9 (emphasis added). The contract requires use of a password or PIN only for the automated system: "You must have a valid deposit or loan account *and a valid password or PIN to use the automated system.*" *Id.* (emphasis added). Plaintiff presents no evidence that the third-party made the reversals using the automated system instead of speaking with a telephone banker. *See* Doc. 56 at 5-6.

Doc. 59 at 7.

The Court further explained that Defendant did not breach the DAA in its handling of the transactions reversed by the third-party because that "individual called Defendant's telephone banking center, claimed to be Plaintiff, and accessed his account by correctly answering verification questions using Plaintiff's personal information[,]" which included "Plaintiff's social security number, date of birth, and account number, all provided by Plaintiff to the purported lender." *Id.* at 9 (citing Docs. 50 ¶¶ 15-16; 50-1 at 90; 53 at 16). The Court concluded that "[n]othing in the DAA required Defendant to prevent the reversals given the apparent authorization by Plaintiff[,]" and "Defendant's handling of the reversals and their subsequent cancellation by Plaintiff was consistent with the terms of the DAA." *Id.* (citing Doc. 53 at 11). Plaintiff has not shown that the Court clearly erred in these conclusions.

Plaintiff further argues that Defendant's decision to issue permanent credits to his account shows its wrongdoing. Doc. 61 at 7. But consistent with the terms of the DAA, Defendant issued credits to Plaintiff's account in the amount of the reversed transactions, and then removed some of the credits when Plaintiff informed Defendant that he had not authorized the reversals. Docs. 50, 53 ¶¶ 17-27; 50-1 at 90-147. The Court explained in the summary judgment order that "[t]here can be no breach of contract when Defendant simply acted in accordance with the express terms of the DAA and Plaintiff's instructions." Doc. 59 at 10 (citing Doc. 49 at 11; 50-1 at 16). Again, Plaintiff has not shown clear error in this holding.

Plaintiff contends that the Damages Limitations Clause is "either arrogant to bank account holders or outdated for today's life when evaluation of values changed drastically[.]" Doc. 61 at 8. The Court specifically found that because the Damages Limitation Clause is neither procedurally nor substantively unconscionable, it is enforceable and summary judgment was warranted with respect to consequential damages. Doc. 59 at 11-14. Plaintiff presents no evidence or legal argument showing that this ruling is clearly erroneous.

**IT IS ORDERED:**

1. Plaintiff's motion for new trial or amended judgment under Rule 59 (Doc. 61) is **denied**.

2. Plaintiff's motion for jury trial under Rule 38 (Doc. 64) is **denied** as moot.

3. Plaintiff's motion regarding the status of the pending motions (Doc. 71) is **denied** as moot.

4. The Clerk of Court shall provide a copy of this order to the Ninth Circuit Court of Appeals.

Dated this 5th day of March, 2024.

David G. Campbell
Senior United States District Judge